

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00138-CV
_____

MC PHASE II OWNER, LLC AND TI SHOPPING CENTER, LLC,
A DELAWARE LIMITED LIABILITY COMPANY, APPELLANTS

V.

TI SHOPPING CENTER, LLC,
A TEXAS LIMITED LIABILITY COMPANY, APPELLEE

_____

On Appeal from the 26th District Court
Williamson County, Texas
Trial Court No. 14-0824-C26, Honorable Donna Gayle King, Presiding

_____

September 28, 2015

OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

McPhase II Owner, LLC (MCP2) and TI Shopping Center, LLC (TI-DE), both Delaware limited liability companies, have filed a restricted appeal that challenges the default judgment granted to TI Shopping Center, LLC (TI-TX), a Texas limited liability company. For the reasons hereinafter set forth, we will reverse the judgment and remand the case to the trial court.

Factual and Procedural Background

The underlying dispute involves a piece of commercial property located in Round Rock, Williamson County, Texas. According to the record, TI-TX holds title to the property by virtue of a special warranty deed. TI-TX's underlying suit contends that TI-DE filed a false deed purporting to transfer the property to MCP2. TI-TX filed suit in Willamson County for trespass to try title, unjust enrichment, and money had and received. TI-TX's original petition alleges that both MCP2 and TI-DE are Delaware limited liability companies who do business in the State of Texas but do not maintain a registered agent and, therefore, may be served by serving the Texas Secretary of State (SOS).

In accordance with its pleadings, TI-TX had the clerk of the court prepare citation and then delivered two copies of the citation, with petition attached, to the SOS's office. The return of service reflects that TI-TX had a process server deliver the citation and plaintiff's original petition, and paid the fee on October 2, 2014, for each of the defendants.

TI-TX then filed an amended petition and had citation issued to be delivered to the SOS's office for service upon TI-DE.[1] The return reveals that the amended petition was served on the SOS on October 30, 2014.

Neither MCP2 nor TI-DE filed an answer to TI-TX's suit. On December 5, 2014, the trial court signed a default judgment in favor of TI-TX which awarded $725,270.40 in

---

[1] The record contains no request for service of the amended petition on MCP2.

actual damages, pre-judgment interest of $9,140.39, reasonable attorney's fees of $13,052.69, and contingent attorney's fees for motions for new trial or appeal.

Writ of execution was issued on January 1, 2015. On March 3, 2015, MCP2 and TI-DE gave notice of restricted appeal. On March 13, 2015, TI-TX filed the SOS certificate of service for the citation on the original petition. That same day, TI-TX filed the SOS certificate of service for the amended petition.

In this restricted appeal, MCP2 and TX-DE contend that the trial court's grant of a default judgment must be reversed because: TI-TX failed to provide the SOS certificate prior to the trial court's granting default judgment, and TI-TX failed to comply with the applicable long-arm statute by failing to serve or allege service on MCP2 or TI-DE at their home or home office, and the returns of service are defective and require reversal.

Standard of Review and Applicable Law

To prevail in a restricted appeal, the appealing party must show: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 30;[2] *Ins. Co. of State of Pa. v. Lejeune,* 297 S.W.3d 254, 255 (Tex. 2009) (per curiam) (citing *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex. 2004)). When a default judgment is challenged by a restricted appeal, there are no presumptions in favor of valid issuance, service, and return of citation. *See Fid.*

---

[2] Further citation to the Texas Rules of Appellate Procedure will be by reference to "Rule ____."

*& Guar. Ins. Co. v. Drewery Constr. Co.,* 186 S.W.3d 571, 573 (Tex. 2006) (per curiam) (citing *Primate Const., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex. 1994)). Such is the rule because the restricted appeal is addressed directly to the appellate court which does not take testimony or receive evidence. *See id.* at 573. Further, at the time the default judgment was entered, either an appearance by the defendant, proper service of citation, or a written waiver entered by the defendant must be affirmatively shown in the record. *See Marrot Commc'ns, Inc. v. Town & Country P'ship,* 227 S.W.3d 372, 378 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

Analysis

Turning our attention to the case before the Court, the parties do not contest that the first three prongs of the test for a restricted appeal have been met. The contested issue is whether error is apparent on the face of the record. *See* Rule 30; *Lejeune,* 297 S.W.3d at 255.

MCP2 and TI-DE contend, in their first issue, that the trial court erred in granting a default judgment because there was no certificate from the SOS or other proof of service in the record at the time the trial court granted the default. MCP2 and TI-DE's contention is founded on the basis of *Whitney v. L&L Realty Corp.,* 500 S.W.2d 94, 96-97 (Tex. 1973). In *Whitney,* a landlord had used the long-arm statute to serve citation for delinquent rents on two former tenants.[3] *Whitney,* 500 S.W.2d at 95. The former tenants had been residents of Texas when they leased the property from L&L Realty; however, after breaching the lease, they had both moved out of state. *Id.* L&L took a

---

[3] The long-arm statute then in use was found in Article 2031b of Vernon's Civil Statutes. *See* Acts of 1959, 56th Leg., R.S., ch. 43, 1959 Tex. Gen. Laws 85. Subsequent references to this provision will be by reference to the *Whitney* long-arm statute.

default judgment against the defendants after serving them via the SOS. *Id.* The Texas Supreme Court then framed the question as whether the long-arm statute requires not only service upon the SOS but also a showing in the record that the SOS forwarded the service to the defendant. *Id.* The record in *Whitney* demonstrated that there was citation issued and a return showing service on the SOS. *Id.* at 96. Thus, according to the court, the question was whether the foregoing was sufficient to confer jurisdiction or did the record also have to show compliance with the additional statutory requirement that the SOS forward a copy of the process to the defendant. *Id.* The *Whitney* court ultimately ruled that the record before the trial court must have a certificate from the SOS that it had forwarded a copy of the citation to the defendant and, without such a showing, the trial court did not have jurisdiction over the defendant. *Id.* Such a certificate has become known as a *Whitney* certificate.

MCP2 and TI-DE contend that the holding of *Whitney* is still valid today and, because the record before the trial court in this matter did not contain the *Whitney* certificate from the SOS at the time the default judgment was entered, the trial court did not have jurisdiction over them to support its entry of a default judgment.

TI-TX contends that the requirement for a *Whitney* certificate does not apply to this case because MCP2 and TI-DE were served by service upon the SOS pursuant to the Texas Business Organizations Code sections 5.251, 5.252, and 5.253, and not the long-arm statute found in sections 17.044 and 17.045 of the Texas Civil Practice & Remedies Code.[4] Accordingly, TI-TX contends that the failure to have a *Whitney*

---

[4] The *Whitney* long-arm statute was supplanted by the sections of the Civil Practice & Remedies Code referenced above.

certificate in the record before the trial court does not impair the trial court's jurisdiction to enter default judgment against MCP2 and TI-DE.

All parties agree that MCP2 and TI-DE are foreign filing entities, as that term is defined in the Texas Business Organizations Code. *See* TEX. BUS. ORGS. CODE ANN. § 1.002(29) (West Supp. 2014).[5] Further, there seems to be no dispute that neither entity maintained a registered agent in Texas. Therefore, TI-TX could attempt to serve process on MCP2 and TI-DE by service upon the SOS. *See* § 5.251(1)(A) (West 2012). The record reflects that TI-TX had the district clerk of Williamson County issue citation for both MCP2 and TI-DE on September 4, 2014. The record further shows that TI-TX, through a process server, served the SOS with duplicate originals of the petition and request for discovery on October 2, 2014. The return was made that same day and was a verified return, sworn to before a notary public, dated October 2, 2014. According to TI-TX's theory of the case, this was all that was required.

TI-TX grounds its theory on the proposition that *Whitney* was a statutory construction case. The Texas Supreme Court was trying to construe the meaning of the long-arm statute then in effect. *See Whitney,* 599 S.W.2d at 96. The court quoted the applicable statute in part, as follows: "such corporation or natural person may be served with citation by serving a copy of the process upon the Secretary of State . . ., who shall be conclusively presumed to be the true and lawful attorney to receive service of process; provided that the Secretary of State shall forward a copy of such service to the person in charge of such business or an officer of such company or to such natural

---

[5] Further reference to the Texas Business Organizations Code will be by reference to "section ____" or "§ ____."

person by certified or registered mail, return receipt requested." *Id.* After finding the statute ambiguous, the Texas Supreme Court determined that, in order to confer personal jurisdiction over a defendant when the defendant was served pursuant to the statute, the record must reflect that the SOS forwarded a copy of this process to the defendants' persons. *Id.* As TI-TX's theory goes, since we are dealing with a different statute that does not have a requirement similar to the *Whitney* long-arm statute, the *Whitney* certificate is not necessary.

We do not believe that TI-TX's position is well taken. The Texas Supreme Court has continually referred to the necessity of a certificate of service from the SOS. *See Wachovia Bank of Del., N.A. v Gilliam*, 215 S.W.3d 848, 850 (Tex. 2007). The issue in *Wachovia* was the address of the defendant to which that the SOS forwarded the citation. *Id.* at 850-51. The court points out that the reason for the requirement of a certificate of service from the SOS is because, "we have held repeatedly that no presumptions are made in favor of valid service in a restricted appeal from a default judgment." *Id.* at 850. *Wachovia* involved substituted service under a former Texas Business Corporations Act provision,[6] and the question before the court was whether the record before the trial court proved that the service of process was forwarded to the correct address. A certificate from the SOS's office was on file; however, the address to which service was sent was not the correct address. *Id.* For that reason, the court reversed the judgment and remanded the case for further proceedings. *Id.* at 851.

In *Campus Invs., Inc. v. Cullever*, the Texas Supreme Court was again faced with a default judgment being granted when the defendants had been served by use of the

---

[6] *See* Acts of 1955, 54th Leg., R.S., ch. 64, art. 2.11, 1955 Tex. Gen. Laws 247.

long-arm statute in the Texas Business Corporations Act. *See Campus Invs., Inc. v. Cullever,* 144 S.W.3d 464, 465 (Tex. 2004) (per curiam). The issue was that there was no record of citation or return in the record. *Id.* There was, however, a certificate from the SOS stating that it had received and forwarded a copy of the citation. *Id.* The court ultimately held that when substituted service on a statutory agent is allowed, the designee is not an agent for serving, but for receiving process on the defendant's behalf. *Id.* Further, the court said that the certificate from the SOS conclusively establishes that process was served. *Id.* Rule 107 of the Texas Rules of Civil Procedure prohibits a default judgment until citation and proof of service have been on file for 10 days. TEX. R. CIV. P. 107(h). The court held that the certificate from the SOS serves to fulfill the purpose of the Rule. *Campus Invs.,*144 S.W.3d at 466.

As applied to the facts of the case before the Court, we find nothing in the record before the trial court to show that citation was sent to MCP2 or TX-DE. Without the certificate from the SOS, all we have is a record that shows that citation was delivered to the SOS's office with addresses showing where the citation and petition were to be mailed. Nothing in the record supports the proposition that such citation and petition were actually mailed. A certificate from the SOS would have provided this information. Because we are dealing with a default judgment, there are no presumptions of valid issuance, service, and return of citation of service. *See Fid. & Guar. Ins. Co.,* 186 S.W.3d at 573. The record must affirmatively demonstrate the validity of such service at the time the trial court entered the default judgment. *See Marrot Commc'ns, Inc.,* 227 S.W.3d at 378. We hold that even when service is made on the SOS under authority of Texas Business Organizations Code section 5.251-5.253, a trial court does not have

personal jurisdiction over the foreign defendant unless a *Whitney* certificate is part of the record. At the time the default judgment was entered, the record did not contain a *Whitney* certificate.[7] *See id.* Accordingly, we sustain MCP2 and TI-DE's first issue. We hold that the trial court did not have personal jurisdiction over MCP2 and TI-DE at the time it granted the default judgment. Because of our holding, we need not reach the remaining issues put forth by MCP2 and TI-DE. *See* Rule 47.1.

Conclusion

Having determined the trial court was without personal jurisdiction over MCP2 and TI-DE, we reverse the grant of default judgment and remand the case to the trial court for further proceedings.

Mackey K. Hancock
Justice

---

[7] A *Whtiney* certificate was filed in the record after the trial court had granted the default judgment.