*321 Harvey Brown, Justice
Melissa Goss appeals a default judgment in favor of Amy Sillmon, individually and as next friend of Sillmon's two minor children. On restricted appeal, Moss contends that the default judgment must be set aside because (1) the record does not show strict compliance with the rules for service of process, (2) the evidence is legally and factually insufficient to support the damages awarded to Sillmon, and (3) Sillmon's pleading did not allege any claim on behalf of her children.
Finding error in the judgment on Goss's first issue challenging service of process, we reverse and remand.
Background
Sillmon filed a personal-injury lawsuit against Goss, alleging that Goss caused a car accident that injured Sillmon. Although Sillmon's original petition indicated that it was filed by her individually and as next friend of her two minor children, the petition did not allege that Sillmon's children sustained injuries or request any damages on their behalf.
A private process server signed an affidavit of service averring that the citation along with the original petition "was executed at 5812 Irvington Boulevard, Houston, Texas 77009, within the County of Harris at 4:15 PM on the 14th day of March, 2017 by delivering a true copy to the within named Melissa Goss in person, having first endorsed the date of delivery on same." The affidavit also averred that the process server was qualified. See TEX. R. CIV. P. 103 (setting out rules for who may serve process). This return of service was filed with the trial court, unattached to the citation. See TEX. R. CIV. P. 107(a) ("The return may, but need not, be endorsed on or attached to the citation.").
After Goss did not answer or make an appearance, Sillmon moved for a default judgment. The motion requested unliquidated damages for pain, mental anguish, physical impairment, disfigurement, medical expenses and loss of earning capacity, and a hearing. The motion, like the petition, did not allege any injury to Sillmon's children or request damages on their behalf. More than six months later, however, Sillmon separately filed (1) a number of medical- and billing-records affidavits as evidence of her personal injuries, (2) a police officer's crash report, and (3) her own affidavit averring that her children were in the car at the time of the accident and had suffered muscle pain for about one week.
The trial court entered the default judgment based on the motion and documentary evidence supplied by Sillmon, awarding her $45,000 in unspecified damages and her minor children each $1,000. The default judgment recites that "[t]he Citation with the officer's return thereon [was] on file for more than ten (10) days, exclusive of this date and the date of service." The citation, however, is not a part of the record on appeal.
About four months after the default judgment was entered, Goss answered Sillmon's *322 lawsuit. Because the judgment was already final and the time for taking an ordinary appeal had expired, she timely filed a notice of restricted appeal.
Analysis
Goss's restricted appeal is a direct attack on the trial court's default judgment. See Barker CATV Constr., Inc. v. Ampro, Inc. , 989 S.W.2d 789, 791-92 (Tex. App.-Houston [1st Dist.] 1999, no pet.). To prevail, she must show that (1) she filed a notice of restricted appeal within six months of the judgment, (2) she was a party to the underlying suit but (3) did not participate in the hearing that resulted in the judgment or file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. See TEX. R. APP. P. 26.1(c), 30; Alexander v. Lynda's Boutique , 134 S.W.3d 845, 848 (Tex. 2004). Only the last element-error apparent on the face of the record-is disputed.
In her first issue, Goss argues that error is apparent on the face of the record because the record does not include a copy of the citation and, thus, does not show strict compliance with the rules for service of process. Sillmon does not dispute that there is no citation in the record; instead, she argues that we may affirm the default judgment because the return of service reflects that the process server was qualified under Rule 103. See TEX. R. CIV. P. 103. We agree with Goss.
A trial court must have personal jurisdiction over a defendant to issue a binding judgment. CSR Ltd. v. Link , 925 S.W.2d 591, 594 (Tex. 1996). In a restricted appeal, there are no presumptions in favor of valid service of process. See Primate Constr., Inc. v. Silver , 884 S.W.2d 151, 152 (Tex. 1994). Strict compliance with the rules governing issuance, service, and return of citation is mandatory. See ids="10000489" index="4" url="https://cite.case.law/sw2d/884/151/#p152">id. A failure on the part of the party requesting service, here Sillmon, to affirmatively show strict compliance renders the attempted service of process invalid and of no effect. Uvalde Country Club v. Martin Linen Supply Co. , 690 S.W.2d 884, 885 (Tex. 1985) ; see In re Z.J.W. , 185 S.W.3d 905, 908 (Tex. App.-Tyler 2006, no pet.) ("We iterate that 'strict compliance' means literal compliance with the rules."); Frazier v. Dikovitsky , 144 S.W.3d 146, 149 (Tex. App.-Texarkana 2004, no pet.) ("Virtually any deviation from the statutory requisites for service of process will destroy a default judgment."). In other words, absent an appearance or waiver, the trial court does not have personal jurisdiction to enter a default judgment against the defendant unless the record affirmatively shows, "at the time the default judgment is entered," proper service of citation on the defendant. Marrot Commc'ns, Inc. v. Town & Country P'ship , 227 S.W.3d 372, 376 (Tex. App.-Houston [1st Dist.] 2007, pet. denied).
The citation is not a trivial document. Its purpose is to give the court proper jurisdiction over the parties, satisfy due process, and notify the defendant she has been sued so that she may appear and defend herself. See El Paso Indep. Sch. Dist. v. Alspini , 315 S.W.3d 144, 149 (Tex. App.-El Paso 2010, no pet.). Rule 99 dictates the citation's specific contents and notice requirements. See TEX. R. CIV. P. 99(b) (detailing form of citation), (c) (setting out notice requirements for citation). It also mandates that the citation be included in the record. See TEX. R. CIV. P. 99(a) ("The clerk must retain a copy of the citation in the court's file."). The citation's inclusion in the record permits a reviewing court to confirm that the citation contained the information required by rule. See ids="7322075" index="10" url="https://cite.case.law/sw3d/315/144/#p149">id. ;
*323 see also Garcia v. Ennis , 554 S.W.3d 209, 215 (Tex. App.-Fort Worth 2018, no pet.)
Goss cites a recent Fort Worth Court of Appeals holding that a bill-of-review petitioner was entitled to relief because there was no copy of the citation issued to her in the court's file. See Garcia , 554 S.W.3d at 214-17. Relying on cases setting aside default judgments when the citation failed to include the information required by Rule 99(b), the Fort Worth court reasoned: "It follows that if strict compliance cannot be shown when just one of the items required by rule 99(b) is missing, then the complete absence of the entire citation-and the inability to confirm that the citation contains any of the information required by rule 99(b) -surely renders service invalid as well." Id. at 215. We agree with the court's reasoning and so also hold that a record that does not include a citation does not show strict compliance with the service-of-process rules.
We are not persuaded by Sillmon's argument that we should nevertheless affirm the default judgment because the process server was qualified under Rule 103 to execute process on Goss. See TEX. R. CIV. P. 103. "Compliance with one rule of civil procedure does not guarantee compliance with all of them...." Garcia , 554 S.W.3d at 216.
Accordingly, we sustain Goss's first issue. Because our decision on Goss's first issue is dispositive of this appeal, we do not reach Goss's additional challenges to the trial court's default judgment.
Conclusion
We reverse the trial court's default judgment and remand the cause to the trial court for further proceedings.