**Opinion issued November 26, 2019**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-18-01073-CV

_____

## IN THE INTEREST OF A.R.A.-G. AND C.J.A.-G., CHILDREN

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-16151**

---

## MEMORANDUM OPINION

Appellant, Saby Nicole Barrios Garcia, appeals a default judgment in favor of appellee, Jose Rogelio Abiles-Rivera. On restricted appeal, Garcia contends that the trial court erred in entering a default judgment against her because the citation was not in strict compliance with the rules for service of process. We reverse and remand.

## Background

On March 12, 2018, Abiles-Rivera filed a petition in suit affecting parent-child relationship against Garcia, seeking to establish paternity to two minor children, appointment as joint managing conservator, and an award of child support. On August 2, 2018, Abiles-Rivera filed an amended petition. Garcia did not answer or make an appearance.

On September 21, 2018, the trial court entered a default order in suit adjudicating parentage. The trial court found that "Respondent, Saby Nicolle Barrios Garcia, although duly and properly cited, did not appear and wholly made default." The trial court adjudicated Abiles-Rivera to be the father of the two minor children, designated Abiles-Rivera and Garcia as parent joint managing conservators and granted Abiles-Rivera the exclusive right to designate the primary residence of the children, and ordered Garcia to pay $280 per month in child support to Abiles-Rivera. Garcia timely filed a notice of restricted appeal.

## Discussion

In her sole issue, Garcia contends that the trial court erred in entering a default judgment against her because she did not receive proper notice of Abiles-Rivera's suit.

Garcia's restricted appeal is a direct attack on the trial court's default judgment. *See Goss v. Sillmon*, 570 S.W.3d 319, 322 (Tex. App.—Houston [1st

Dist.] 2018, no pet.). To prevail, she must show that (1) she filed a notice of restricted appeal within six months of the judgment, (2) she was a party to the underlying suit but (3) did not participate in the hearing that resulted in the judgment or file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The first three elements are undisputed. The record shows that the trial court entered a default judgment against Garcia on September 21, 2018, and Garcia filed her notice of restricted appeal on November 30, 2018, Garcia is the defendant in the underlying suit, and she did not appear at the hearing or file any post-judgment motion or request for findings of fact and conclusions of law.

With regard to the fourth element, Garcia contends that error is apparent on the face of the record because the record does not reflect strict compliance with the rules of civil procedure. Specifically, she argues that she did not receive proper notice because the citation was served at an incorrect address.[1]

A trial court must have personal jurisdiction over a defendant to issue a binding judgment. *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996). There are no presumptions in favor of valid service of process in the face of an attack on a

---

[1] Garcia asserts that citation was served to 6310 Dumfries Drive #378, Houston, Texas 77096 but she lives at 14085 Dublin Apt. # 2412, Houston, Texas 77085.

3

default judgment by restricted appeal. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *TAC Americas, Inc. v. Boothe*, 94 S.W.3d 315, 319 (Tex. App.—Austin 2002, no pet.). Strict compliance with the rules governing issuance, service, and return of citation is mandatory. *Primate Constr.*, 884 S.W.2d at 152. Absent an appearance or waiver, the trial court does not have personal jurisdiction to enter a default judgment against the defendant unless the record affirmatively shows, "at the time the default judgment is entered," proper service of citation on the defendant. *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 376 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

The citation is not a trivial document. Its purpose is to give the court proper jurisdiction over the parties, satisfy due process, and notify the defendant she has been sued so that she may appear and defend herself. *Goss*, 570 S.W.3d at 322; *see also El Paso Indep. Sch. Dist. v. Alspini*, 315 S.W.3d 144, 149 (Tex. App.—El Paso 2010, no pet.). Texas Rule of Civil Procedure 99 dictates the citation's specific contents and notice requirements. *See* TEX. R. CIV. P. 99(b) (detailing form of citation), (c) (setting out notice requirements for citation). It also mandates that the citation be included in the record. *See* TEX. R. CIV. P. 99(a) ("The clerk must retain a copy of the citation in the court's file."). The citation's inclusion in the record permits a reviewing court to confirm that the citation contained the information

4

required by rule. *Goss*, 570 S.W.3d at 322; *see also Garcia v. Ennis*, 554 S.W.3d 209, 215 (Tex. App.—Fort Worth 2018, no pet.).

Abiles-Rivera contends that Garcia was properly served on April 10, 2018, and that the citation informed her that an answer was required and that she risked a default judgment if she failed to appear. The citation, however, is not a part of the record on appeal. As the party requesting service, it was Abiles-Rivera's responsibility to ensure that service is properly reflected in the record. *Westmoreland v. State*, No. 12-06-00104-CV, 2007 WL 677889, at *3 (Tex. App.—Tyler Mar. 7, 2007, no pet.). A failure on the part of the party requesting service to affirmatively show strict compliance renders the attempted service of process invalid and of no effect. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985); *see also Goss*, 570 S.W.3d at 323 (citing *Garcia*, 554 S.W.3d at 215 ("It follows that if strict compliance cannot be shown when just one of the items required by rule 99(b) is missing, then the complete absence of the entire citation—and the inability to confirm that the citation contains any of the information required by rule 99(b)—surely renders service invalid as well.")). A record that does not include a citation does not show strict compliance with the service-of-process rules. *Goss*, 570 S.W.3d at 323; *Garcia*, 554 S.W.3d at 215.

To show that Garcia was properly served, Abiles-Rivera includes an affidavit from the process server in the appendix to his brief. However, documents attached

5

to an appellate brief which are not part of the record may generally not be considered by the appellate court. *See Texas Windstorm Ins. Ass'n v. Jones*, 512 S.W.3d 545, 552 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal, and, therefore, the documents cannot be considered."); *see also Robb v. Horizon Cmtys. Improvement Ass'n*, 417 S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Accordingly, we cannot consider any documents attached to Abiles-Rivera's brief which are not part of the appellate record.

Since there is evidence, the process server's affidavit, that service actually occurred, this result seems like the triumph of form over substance. But, the strict rule requiring the citation to be included in the record serves an important function. The volume of cases handled by the appellate courts of this state rises to tens of thousands. The inclusion of a citation in the record is a quick and easy way to ensure, in each case, that service was made and due process observed. It obviates the necessity of some more cumbersome method of proving service and aids the efficient administration of justice.

Because Abiles-Rivera has not demonstrated strict compliance, there is error on the face of the record, and reversal of the judgment is warranted. *See Primate*

6

*Const.*, 884 S.W.2d at 153; *accord Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) ("For well over a century, this court has required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack."). Accordingly, we sustain Garcia's issue.

## Conclusion

We reverse the trial court's default judgment and remand the cause to the trial court for further proceedings.


Russell Lloyd
Justice

Panel consists of Justices Lloyd, Goodman, and Landau.