

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| BALDEV SINGH and CARGO ZONE TRANSPORT, | § | No. 08-20-00137-CV |
| | § | |
| Appellants, | | Appeal from the |
| | § | |
| v. | | County Court at Law |
| | § | |
| GALLAGHER BASSETT, L.L.C., as subrogee of WILLIAM MCSWAIN AND SWIFT TRANSPORTATION CO., INC., | § | of Culberson County, Texas |
| | § | (TC# 1307) |
| Appellee. | § | |
| | § | |

**MEMORANDUM OPINION**

Appellants Baldev Singh and Cargo Zone Transport and Appellee Gallagher Bassett, L.L.C. have filed an agreed motion to dismiss this appeal. In their motion, the parties agree that a final default judgment made by the County Court at Law of Culberson County was rendered in error because "the record contained no certified documents from the Secretary of State and the Chairman of the Transportation Commission showing completion of service through mailing of the citation to Appellants Baldev Singh and Cargo Zone Transport in California." In light of this purported error, the parties have reached a settlement agreement and ask this Court to reverse and set aside the final default judgment and remand this matter for a new trial.

1

Because the parties request that we set aside the judgment below and remand the case for a new trial, the motion is not a motion to dismiss an appeal under Rule 42.1(a)(1). Rather, it is a Rule 42.1(a)(2) motion, and we treat it as such. Under Rule 42.1(a)(2) of the Texas Rules of Appellate Procedure, an appellate court can dispose of an appeal in accordance with an agreement signed by the parties or their attorneys by rendering a judgment effectuating that agreement. TEX.R.APP.P. 42.1(a)(2). However, in cases such as this one in which both parties seek affirmative relief based on conceded error, "the rule does not permit an appellate court to order a new trial merely on the agreement of the parties absent reversible error." *In re J.A.B.*, No. 08-06-00201-CV, 2007 WL 2274671, at *1 (Tex.App.--El Paso Aug. 9, 2007, no pet.) (mem. op., not designated for publication). We must review the record independently to confirm the existence of reversible error under these circumstances. *Id*.

Here, Appellee concedes that rendition of a default judgment was error under these circumstances because Appellants never received proper notice. In the original petition, it is alleged that Appellant Singh is a California resident and Appellant Cargo Zone Transport is a California corporation with its principal office located in Fontana, California. The record contains an affidavit in which a process server averred that he served Singh with citation and the original petition on July 3, 2019, by delivering service to the Chairman of the Texas Transportation Commission "by delivering to the Texas Department of Transportation's Office of General Counsel" by and through an administrative assistant. *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 17.062(a), 17.063 (permitting service in this manner when the defendant was party to a collision or accident while operating a motor vehicle in Texas). A second affidavit from a process server states that Cargo Zone Transport was served with citation and the plaintiff's original petition "by delivering to THE TEXAS SECRETARY OF STATE, by and through its designated agent[.]"

*See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 17.044(b), 17.056.

However, both parties concede that there is nothing in the record definitively confirming actual receipt by either entity, nor does the record show that the Texas Transportation Commission or the Texas Secretary of State then forwarded process to the California defendants or otherwise effectuated service such that the California defendants obtained actual notice of the proceedings in Culberson County. Without a certificate from the Secretary of State, or similar proof from the Texas Transportation Commission, proper service on the out-of-state defendants cannot be established on this record. *See MC Phase II Owner, L.L.C. v. TI Shopping Ctr., L.L.C.*, 477 S.W.3d 489, (Tex.App.--Amarillo 2015, no pet.) (finding substitute service invalid under similar facts where record only showed that citation was delivered to Secretary of State's Office but there was no certificate showing receipt or the address where citation was subsequently mailed). We confirm the existence of reversible error on this record.

Therefore, pursuant to our authority under TEX.R.APP.P. 42.1(a)(2), we grant the agreed motion, reverse the judgment of the trial court, and remand for a new trial.

JEFF ALLEY, Chief Justice

August 31, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.