**Opinion issued May 1, 2025**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-23-00540-CV**
_____

**AMERICAN SERVICES U.S., LLC, Appellant**

**V.**

**IDENTITY BUILT, LLC, Appellee**

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-74836**

**MEMORANDUM OPINION**

This restricted appeal presents the question whether "strict compliance" with the rules governing service of citation means literal compliance with the rules. Appellee Identity Built, LLC sued appellant American Services U.S., LLC for

breach of contract and foreclosure of a mechanic's and materialmen's lien. Identity Built attempted to serve American Services with citation through substituted service on the Texas Secretary of State ("the Secretary"). American Services did not answer or otherwise appear. The trial court rendered a default judgment that foreclosed on Identity Built's lien and ordered American Services to pay $554,022.45 in actual damages and $13,874.80 in attorney's fees.

American Services argues that the trial court erroneously granted a default judgment because the record fails to include a *Whitney* certificate[1] showing that the Secretary forwarded the citation to American Services, and thus the record does not show strict compliance with the rules governing service of citation.

Because we hold that error exists on the face of the record, we reverse and remand.

## Background

In October 2021, American Services contracted with Identity Built to construct a commercial retail project located in Humble, Texas. The parties contemplated that the remainder of 2021 would be spent obtaining permits, and construction would begin in January 2022 and end in July 2022.

---

[1] *See Whitney v. L&L Realty Corp.*, 500 S.W.2d 94, 96–97 (Tex. 1973) (requiring, in case involving substituted service on Texas Secretary of State under prior version of long-arm statute, record to include proof that Secretary forwarded process to defendant in compliance with statute for default judgment to survive restricted appeal).

Identity Built alleged that delays in the platting process prevented construction from starting on time. During the ongoing platting process, Identity Built allegedly hired a subcontractor to manage construction, and this subcontractor hired other subcontractors and "obtained specially fabricated materials for the Project." In July 2022, one month after all permits and plans were finally approved, American Services allegedly terminated the contract.

Identity Built sought payment of $554,022.45 from American Services "for services and materials rendered for the Project." Identity Built also filed an affidavit claiming a mechanic's and materialman's lien on the property.

After American Services failed to respond to the demand for payment, Identity Built filed suit, asserting claims for breach of contract, foreclosure of its lien on the property, and attorney's fees. Identity Built attached the contract and the affidavit claiming a lien as exhibits to its original petition.

Identity Built requested that the Harris County District Clerk issue citation to American Services:

**Request for Issuance of Service**

CASE NUMBER: _____  CURRENT COURT: _____

Name(s) of Documents to be served: Plaintiff's Original Petition

FILE DATE: 11/14/2022 _____ Month/Day/Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

Issue Service to: American Services U.S., LLC

Address of Service: 4635 Hickorygate Drive

City, State & Zip: Spring, Texas 77338

Agent (if applicable) Rogelio Cervantes

3

The district clerk issued the following "Citation Corporate" addressed to:

**CITATION CORPORATE**

THE STATE OF TEXAS
County of Harris

To:     AMERICAN SERVICES U S LLC (A TEXAS CORPORATION) MAY BE SERVED WITH PROCESS BY SERVING THROUGH ITS REGISTERED AGENT ROGELIO CERVANTES
4635 HICKORYGATE DRIVE, SPRING TX 77373
Or wherever he may be found

Following issuance of citation, Identity Built's private process server completed a declaration of due diligence. The process server declared that he went to the address listed in the citation, but American Services' agent no longer lived at that address:

**ON Thursday, November 17, 2022 AT 2:20 PM**
CITATION, PLAINTIFF'S ORIGINAL PETITION, NOTICE OF INTENT TO USE DOCUMENTS, AND JURY DEMAND, EXHIBIT A, EXHIBIT B for service on AMERICAN SERVICES U S LLC (A TEXAS CORPORATION) C/O REGISTERED AGENT ROGELIO CERVANTES came to hand.

**On Saturday, November 19, 2022 at 10:40 AM**, at 4635 HICKORYGATE DRIVE, SPRING, HARRIS COUNTY, TX 77373, I spoke to Norma Perez (Hispanic female, 20s, heavy) who stated that the defendant no longer lives here. I also spoke to Robert (Caucasian Male, 40s, medium build) next door who said the defendant moved and went on the road with his trucking company.

A different private process server filed a return of service stating that she had delivered citation and Identity Built's petition to the Secretary:

**RETURN OF SERVICE**

**ON Monday, November 21, 2022 AT 12:36 PM**
CITATION, PLAINTIFF'S ORIGINAL PETITION, NOTICE OF INTENT TO USE DOCUMENTS, AND JURY DEMAND, EXHIBIT A, EXHIBIT B for service on AMERICAN SERVICES U S LLC (A TEXAS CORPORATION) C/O THE TEXAS SECRETARY OF STATE came to hand.

**ON Monday, November 28, 2022 AT 11:55 AM, I, ADRIANA ADAM, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** AMERICAN SERVICES U S LLC (A TEXAS CORPORATION) C/O THE TEXAS SECRETARY OF STATE, by delivering to Michael Orta, 1019 BRAZOS ST, AUSTIN, TRAVIS COUNTY, TX 78701

It is undisputed that the record does not contain a *Whitney* certificate or any other filings or documents from the Secretary indicating that after it received process, it

forwarded the citation and petition to American Services. American Services did not file an answer.

Identity Built moved for a no-answer default judgment, arguing that the return of service had been on file for ten days and the time to answer had passed, but American Services had not answered or appeared. Identity Built argued that it was "entitled to liquidated damages for Defendant's breach of contract in the amount of $554,022.45"; "entitled to foreclose upon its lien in the amount of $531,944.00"; and "entitled to its reasonable and necessary attorneys' fees in the amount of $13,874.80." As exhibits, Identity Built attached an affidavit from its counsel in support of attorney's fees; a certificate of last known address for American Services; its original petition and the accompanying exhibits; the return of service; and an affidavit in support of the requested damages.

The trial court signed a final default judgment on February 6, 2023. The default judgment included several findings, including a finding that "citation was served on Defendant according to law and returned to the clerk where it remained on file for the time required by law." The court ordered that Identity Built should recover from American Services $554,022.45 in actual damages and $13,874.80 in attorney's fees. The court also ordered that Identity Built was entitled to foreclose its lien.

On July 25, 2023, American Services filed a notice of restricted appeal and posted a deposit in lieu of supersedeas bond. This appeal followed.

**Service of Process**

In its first issue, American Services argues that the trial court erroneously granted a default judgment in favor of Identity Built because the face of the record does not show strict compliance with the rules governing service of process. Specifically, the record does not contain a *Whitney* certificate or any other indication that the Secretary forwarded citation and the petition to American Services. This issue is dispositive of this appeal.

**A.      Standard of Review for Restricted Appeals**

Generally, a party who desires to appeal a trial court's judgment must file a notice of appeal within thirty days after the judgment is signed, although the filing of certain post-judgment motions extends that deadline to ninety days. *See* TEX. R. APP. P. 26.1(a); *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). A restricted appeal—formerly known as a writ of error—is available to a party who did not participate, either in person or through counsel, in a proceeding that resulted in a judgment against the party. *See* TEX. R. APP. P. 30; *Gonzalez v. Gonzalez*, 679 S.W.3d 221, 225 (Tex. App.—Houston [1st Dist.] 2023, no pet.) (en banc); *see also Ex parte E.H.*, 602 S.W.3d at 495 ("Restricted appeals under rule 30 replaced the former writ-of-error practice."). The restricted appeal procedure allows a party to

pursue an appeal outside the usual appellate deadlines if certain requirements are met. *See Ex parte E.H.*, 602 S.W.3d at 495. A restricted appeal is a direct attack on a trial court's default judgment. *Goss v. Sillmon*, 570 S.W.3d 319, 322 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

To prevail on a restricted appeal, the appealing party must prove:

(1)     it filed notice of the restricted appeal within six months after the judgment was signed;

(2)     it was a party to the underlying lawsuit;

(3)     it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and

(4)     error is apparent on the face of the record.

*Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *Gonzalez*, 679 S.W.3d at 225–26; *see also* TEX. R. APP. P. 25.1(d)(7)(A)–(B) (requiring party to state third element in notice of restricted appeal). In this appeal, only the fourth element—whether error is apparent on the face of the record—is contested.

A restricted appeal affords an appellant the same scope of review that is available in an ordinary appeal: review of the entire case. *Ex parte E.H.*, 602 S.W.3d at 495; *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). The only restriction on the scope of review is that the error must appear on the face of the record. *Norman Commc'ns*, 955 S.W.2d at 270. The face of the record "consists of all the papers on file in the appeal," including the clerk's record

7

and any reporter's record. *Id.*; *Gonzalez*, 679 S.W.3d at 226. We may not consider extrinsic evidence, and we may not make presumptions in favor of the judgment. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848–49 (Tex. 2004).

## B.     Rules Governing Service of Citation

A trial court must have personal jurisdiction over a defendant to issue a binding judgment. *Goss*, 570 S.W.3d at 322. A trial court lacks personal jurisdiction over a defendant who was not properly served with process. *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020) (per curiam); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) ("[J]urisdiction is dependent upon citation issued and served in a manner provided for by law."); TEX. R. CIV. P. 124 ("In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules.").

A plaintiff may move for a default judgment at any time after a defendant is required to answer if the defendant has not previously filed an answer and the return of service has been on file with the clerk for ten days. TEX. R. CIV. P. 107(h), 239. "[A] no-answer default judgment cannot stand when the defendant 'was not served in strict compliance with applicable requirements.'" *Spanton*, 612 S.W.3d at 316 (quoting *Wilson*, 800 S.W.2d at 836). Because no-answer default judgments are "disfavored" and courts lack jurisdiction over defendants who were not properly

served with process, the Texas Supreme Court has "construed 'strict compliance' to mean just that." *Id.* (citations omitted). "We indulge no presumptions in favor of valid issuance, service, or return of citation." *Id.*; *Goss*, 570 S.W.3d at 322 ("In a restricted appeal, there are no presumptions in favor of valid service of process. Strict compliance with the rules governing issuance, service, and return of citation is mandatory.") (citations omitted).

The party requesting service bears the responsibility of ensuring that the record affirmatively shows strict compliance, and a failure to do so "renders the attempted service of process invalid and of no effect." *Goss*, 570 S.W.3d at 322; *see Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994) (per curiam) ("It is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished."). Recitals in the judgment that the defendant was properly served are insufficient in a restricted appeal. *In re K.M.*, 401 S.W.3d 864, 866 (Tex. App.—Houston [14th Dist.] 2013, no pet.). "In other words, absent an appearance or waiver, the trial court does not have personal jurisdiction to enter a default judgment against the defendant unless the record affirmatively shows, 'at the time the default judgment is entered,' proper service of citation on the defendant." *Goss*, 570 S.W.3d at 322 (quoting *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 376 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)). Failure to show strict compliance is error on the face of the record. *Paramount*

*Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

A business entity such as a corporation or a limited liability company is not "a person capable of accepting process on its own behalf," and therefore a plaintiff must serve such an entity through an agent. *Id.* A limited liability company, as a "filing entity" under the Business Organizations Code, "shall designate and continuously maintain" a registered agent and a registered office in Texas. TEX. BUS. ORGS. CODE § 5.201(a); *see also id.* § 1.002(22) (defining "filing entity" to include domestic entity that is limited liability company). The registered agent, which may be an individual or an organization, "is an agent of the entity on whom may be served any process, notice, or demand required or permitted by law to be served on the entity." *Id.* § 5.201(b)(1)–(2); *Paramount Credit*, 420 S.W.3d at 230. Although the Business Organizations Code does not require the filing entity to maintain its registered office at its place of business, the office "must be located at a street address where process may be personally served on the entity's registered agent." TEX. BUS. ORGS. CODE § 5.201(c)(1)–(2). The Business Organizations Code contains provisions allowing a registered agent to change its address as the address of the entity's registered office. *See, e.g.*, *id.* § 5.203.

In certain situations, the Texas Secretary of State may become an agent of an entity for purposes of service of process. The Secretary is an agent if:

10

(1)     the entity is a filing entity or a foreign filing entity and:

    (A)     the entity fails to appoint or does not maintain a registered agent in this state; or

    (B)     the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity.

*Id.* § 5.251(1); *Paramount Credit*, 420 S.W.3d at 230; *Marrot Commc'ns*, 227 S.W.3d at 377 (construing Texas Business Corporations Act, predecessor statute to Business Organizations Code). "The law requires strict compliance with these conditions; '[o]nly after the registered agent of a corporation cannot be found with reasonable diligence at the registered office can the Secretary of State act as agent of the corporation for service of process.'" *Paramount Credit*, 420 S.W.3d at 230 (quoting *Marrot Commc'ns*, 227 S.W.3d at 377).

A plaintiff effects service on the Secretary by:

(1)     delivering to the secretary duplicate copies of the process, notice, or demand; and

(2)     accompanying the copies with any fee required by law, including this code or the Government Code, for:

    (A)     maintenance by the secretary of a record of the service; and

    (B)     forwarding by the secretary of the process, notice, or demand.

TEX. BUS. ORGS. CODE § 5.252(a). After the plaintiff serves the Secretary in compliance with section 5.252, the Secretary "shall immediately send one of the copies of the process, notice, or demand to the named entity." *Id.* § 5.253(a). The

11

Secretary must (1) address the notice "to the most recent address of the entity on file" with the Secretary, and (2) send the notice by certified mail, with return receipt requested. *Id.* § 5.253(b). The Secretary "shall keep a record of each process, notice, or demand served on the secretary under this subchapter" and shall record: (1) "the time when each service on the secretary was made" and (2) "each subsequent action of the secretary taken in relation to that service." *Id.* § 5.254.

Upon request and payment of a fee, the Secretary issues a certification that it received the process and forwarded it to the registered agent's address.[2] *See* TEX. SEC'Y OF STATE, https://www.sos.state.tx.us/corp/service-of-process.shtml (last visited Apr. 10, 2025); *see also Acadian Props. Austin, LLC v. KJMonte Invs., LLC*, 650 S.W.3d 98, 111 (Tex. App.—El Paso 2021, no pet.) (stating that after forwarding process, Secretary "files a certification (known as a 'Whitney Certificate')"). This certificate is known as a "*Whitney* certificate," based on the Texas Supreme Court's 1973 opinion in *Whitney v. L&L Realty Corp. See* 500 S.W.2d 94 (Tex. 1973). In

---

[2]    The Secretary's website provides that upon request and payment of a $15 certificate fee, the Secretary will "issue a certificate showing: 1. that service was accomplished; 2. that a copy of the process was forwarded to the named person at the specified address; and 3. the disposition of the mailing shown on the postal return receipt." *See* TEX. SEC'Y OF STATE, https://www.sos.state.tx.us/corp/service-of-process.shtml (last visited Apr. 10, 2025). The website further states that "[c]ertificates are sent to the person requesting service." *Id.*; *see also* TEX. GOV'T CODE § 405.031(a)(1), (4) (providing that Secretary "shall charge for the use of the state" $15 fee "for each official certificate" and $40 fee "per person or party served through the secretary of state" for "maintenance by the secretary of state of a record of the service of any process, notice, or demand authorized to be made on the secretary of state as agent, and for forwarding the process, notice or demand").

*Whitney*, two apartment renters moved out of state during their lease terms and stopped making rental payments. *Id.* at 95. Their landlord sued for unpaid rental payments and served process on the Secretary, as authorized by the Texas long-arm statute in effect at the time. *Id.* Although the record included the citation and a return showing service on the Secretary, the record did not indicate whether the Secretary forwarded process to the renters. *Id.* at 95, 96. The landlord obtained a default judgment against the renters. *Id.* at 95.

On writ of error review, the Texas Supreme Court addressed whether the citation and return of service on file was enough to confer jurisdiction over the renters or whether the long-arm statute required the record to "show compliance with the additional statutory requirement that the Secretary forward a copy of the process" to the renters. *Id.* at 96. The court first considered the statutory language and determined the long-arm statute was ambiguous. *Id.* The statute could be construed to mean that service was complete when the Secretary was served, regardless of whether the Secretary forwarded process to the defendant. *Id.* Or the statute could mean that the Secretary was required to forward process to the out-of-state defendant for the Secretary "to be conclusively presumed to be the attorney for the defendant in another state." *Id.*

The court concluded that the latter interpretation was "the intent of the statute," noting that this interpretation "achieves a result most consistent with justice

and due process to both parties." *Id.* Under this statutory interpretation, "a showing in the record that the Secretary of State forwarded a copy of the process is essential to establish the jurisdiction of the court over the defendants' persons." *Id.* Because the record did not demonstrate this showing, the trial court did not acquire personal jurisdiction over the renters. *Id.* The supreme court set aside the default judgments against the renters. *Id.* at 97.

Although *Whitney* involved the long-arm statute and not the statutory predecessors of the statutes at issue in this case, courts have nevertheless applied the *Whitney* certificate requirement to other statutes in which the Secretary becomes an agent of a defendant for purposes of service of process and must forward process that it receives to the defendant. *See, e.g.*, *Wachovia Bank of Del., N.A. v. Gilliam*, 215 S.W.3d 848, 850 (Tex. 2007) (per curiam) (addressing both long-arm statute and substituted service provision in Texas Business Corporations Act); *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 465 (Tex. 2004) (per curiam) (Texas Business Corporation Act); *Dansk Express, LLC v. IPFS Corp.*, No. 01-22-00621-CV, 2023 WL 4937497, at *3–4 (Tex. App.—Houston [1st Dist.] Aug. 3, 2023, no pet.) (mem. op.) (Business Organizations Code sections 5.251–.253); *MC Phase II Owner, LLC v. TI Shopping Ctr., LLC*, 477 S.W.3d 489, 492–93 (Tex. App.—Amarillo 2015, no pet.) (same).

14

"When substituted service on a statutory agent is allowed, the designee is not an agent for *serving* but for *receiving* process on the defendant's behalf." *Campus Invs.*, 144 S.W.3d at 466. A *Whitney* certificate "*conclusively* establishes that process was served" in compliance with the relevant statute. *See id.*; *Acadian Props. Austin*, 650 S.W.3d at 111–12 (stating that *Whitney* certificate "is considered conclusive proof, absent evidence of fraud or mistake, that process was properly served in compliance with the Code"); *Dansk Express*, 2023 WL 4937497, at *6 ("Once the [*Whitney*] Certificate was filed, it constituted conclusive evidence, absent evidence of fraud or mistake, that the [Secretary], as the agent of Dansk, received service of process for Dansk and forwarded the service as required by the statute.").

## C.    Analysis

In its original petition, Identity Built named American Services as the defendant and stated that it could be "served with process through its registered agent, Rogelio Cervantes, located at 4635 Hickorygate Drive, Spring, Texas 77373, or wherever he may be found." Identity Built requested that the district clerk issue service to Cervantes as American Services' agent, and the district clerk issued citation to American Services, through Cervantes, at "4635 Hickorygate Drive, Spring TX 77373."

A private process server attempted to serve Cervantes at the address listed in the citation. A woman at that address "stated that the defendant no longer lives here."

15

A next-door neighbor "said the defendant moved and went on the road with his trucking company."

Identity Built then attempted to serve American Services through the Secretary, as authorized by Business Organizations Code sections 5.251 and 5.252. In the return of service, a private process server stated that she personally delivered the citation and Identity Built's original petition to "American Services U S LLC (A Texas Corporation) c/o The Texas Secretary of State, by delivering to Michael Orta, 1019 Brazos St, Austin, Travis County, TX 78701." It is undisputed that no *Whitney* certificate—or any other filing from the Secretary demonstrating that it forwarded service of process to American Services at "the most recent address of the entity on file with" the Secretary—appears in the appellate record. *See* TEX. BUS. ORGS. CODE § 5.253(a)–(b)(1). American Services did not file an answer or otherwise appear in the trial court, and the court rendered a default judgment in favor of Identity Built.

At oral argument, Identity Built took the position that courts have "overextended" *Whitney* in the decades since its issuance, and it should not be applied in this case, which involves a different statute—with different statutory language—than the long-arm statute involved in *Whitney*. In *Wachovia Bank of Delaware, N.A. v. Gilliam*, the Texas Supreme Court noted that "[a] number of Texas statutes provide for substituted service on a governmental official who then forwards service to the defendant at a designated address," including the long-arm statute

16

(now found in the Civil Practice and Remedies Code rather than the Revised Civil Statutes, where it was located at the time of *Whitney*) and the sections of the Business Organizations Code at issue in this case. *See* 215 S.W.3d at 849 & n.1. The court then stated:

> This Court has never directly addressed whether the face of the record in a restricted appeal must show that service was forwarded to a statutorily required address. But we have held repeatedly that no presumptions are made in favor of valid service in a restricted appeal from a default judgment. We have refused to presume a defendant had no place of business or agent for service in Texas when that was not alleged. Accordingly, we agree with all the courts of appeals (until this one) that for a default judgment to survive a restricted appeal, the face of the record must reflect that service was forwarded to the address required by statute.

*Id.* at 850 (citations omitted). "While an official's certificate establishes that process was served and forwarded to the address provided, unless it certifies that the forwarding address is the one required by statute, we cannot presume otherwise." *Id.* (holding that error was apparent on face of record when record contained *Whitney* certificate, but certificate did not indicate whether forwarding address listed was Wachovia's home office—as required for substituted service under long-arm statute—or principal office—as required for substituted service under Texas Business Corporation Act).

We respect Identity Built's argument but ultimately find it unavailing. As noted above, courts have not restricted the requirement of a *Whitney* certificate solely to cases involving substituted service on the Secretary under the long-arm

17

statute. *See, e.g.*, *MC Phase II Owner*, 477 S.W.3d at 492–93 (rejecting this argument and holding that "even when service is made on the [Secretary] under authority of Texas Business Organizations Code section[s] 5.251–5.253, a trial court does not have personal jurisdiction over the foreign defendant unless a *Whitney* certificate is part of the record"). The Texas Supreme Court, noting that we must make no presumptions in favor of valid service in a restricted appeal from a default judgment, has held that "the face of the record must reflect that service was forwarded to the address required by statute" for a default judgment to survive a restricted appeal. *Wachovia Bank*, 215 S.W.3d at 850. We adhere to these principles today and decline to hold that *Whitney* is inapplicable to this case involving substituted service on the Secretary under Business Organizations Code sections 5.251–.253.

In contending that the undisputed lack of a *Whitney* certificate in the record is not fatal to upholding the default judgment, Identity Built argues that American Services failed to receive process through its own negligence, not through any failure on the part of Identity Built. Identity Built focuses on the fact that American Services did not update the address of its registered agent with the Secretary when Cervantes allegedly moved. Requiring the Secretary to certify that it forwarded process to American Services at an address at which American Service would not receive the

18

process would be "an exercise in futility." Identity Built characterizes this step by the Secretary as a "mere procedural requirement." This argument too is unavailing.

We first note that this case comes before us in the posture of a restricted appeal, not a bill of review proceeding. This distinction matters. Ordinarily, to prevail in a bill of review proceeding, the plaintiff must establish: (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff was prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on the plaintiff's own part. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (per curiam) (quotations omitted). When the plaintiff claims that its due process rights have been violated because of no service, it is relieved from proving the first two elements, but it still must prove lack of negligence. *Id.* The Texas Supreme Court has held that an entity is negligent if it fails to update changes to its registered agent or registered office with the Secretary. *See Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 164 (Tex. 2015) (per curiam) ("We have held that an entity's failure to update its registered address with the Secretary of State constitutes negligence in the service-of-process context."); *Campus Invs.*, 144 S.W.3d at 466 (concluding that some evidence supported trial court's denial of bill of review when Secretary issued *Whitney* certificate, but entity did not receive process forwarded to it because it had not updated its address on file with the Secretary).

19

Although a bill of review plaintiff must plead and prove that its failure to receive service was not due to any negligence on its part, no such requirement exists for a party pursuing a restricted appeal. The *Whitney* court recognized this distinction when discussing its rationale for requiring proof in the record that the Secretary had forwarded process:

> The requirement of proof of forwarding of process which we construe the statute to impose will not cause any significant hardship to plaintiffs seeking judgments against non-residents. A certificate from the office of the Secretary of State, which the plaintiff could obtain for a trivial fee, would suffice. A contrary result would entail a much more serious hardship for defendants. If the Secretary fails to forward the process, the defendant will probably not learn of the suit until long after the time for filing a motion for new trial. If we held that proof of forwarding was not required to sustain a judgment on writ of error [now restricted appeal] review, the defendant would then be relegated to his remedy by bill of review. This remedy would be less satisfactory than a trial at which he would have an opportunity to present his defenses because, in a bill of review proceeding, our cases say that the defendant would face the initial burden of proving at least that he had a good defense and that he was free from fault in failing to appear.

500 S.W.2d at 96.

A *Whitney* certificate demonstrates that the Secretary complied with its statutory requirement to "immediately send one of the copies of the process, notice or demand to the named entity" by certified mail, return receipt requested, at the "most recent address of the entity on file with" the Secretary. *See* TEX. BUS. ORGS. CODE § 5.253(a)–(b). If the Secretary complies with its obligations and a *Whitney* certificate appears in the record, then no error appears on the face of the record, even

20

if the defendant does not actually receive process because it failed to update its registered agent or office with the Secretary.[3] *See, e.g.*, *Acadian Props. Austin*, 650 S.W.3d at 112 ("[T]he record reflects that it was Acadian's own negligence in failing to comply with its statutory duty to provide the Secretary of State with a valid address for [its registered agent] that led to its failure to receive actual notice of the lawsuit from the Secretary. Therefore, the Secretary of State's Whitney Certificate on file herein conclusively established that Acadian was properly served with process.") (citations omitted).

Based on this silent record that does not include a *Whitney* certificate, we would have to engage in speculation to determine whether the Secretary properly forwarded process to American Services at its "most recent address" on file with the Secretary. However, that is something we cannot do in a restricted appeal. "We

---

[3]   Identity Built argues that "[s]ervice is valid even if the certificate reflects that process was not actually received by the defendant, so long as the certificate *or the record* reflects that it was forwarded to the address provided by the plaintiff," and it cites several cases in support. In each of these cited cases, although the defendant either refused process, process was returned "unclaimed," or process was not deliverable as addressed, the record included a *Whitney* certificate demonstrating that the Secretary forwarded process to the defendant's most recent address, and service was therefore proper. *See Dole v. LSREF2 APEX 2, LLC*, 425 S.W.3d 617, 620 (Tex. App.—Dallas 2014, no pet.) (describing *Whitney* certificate included in record); *Zuyus v. No'Mis Commc'ns, Inc.*, 930 S.W.2d 743, 745–46 (Tex. App.—Corpus Christi–Edinburg 1996, no writ) (same); *BLS Limousine Serv., Inc. v. Buslease, Inc.*, 680 S.W.2d 543, 546 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) (same); *TXXN, Inc. v. D/FW Steel Co.*, 632 S.W.2d 706, 708 (Tex. App.—Fort Worth 1982, no writ) (same). Here, the record contains no *Whitney* certificate and no affirmative indication that the Secretary forwarded process to American Services at its most recent address on file with the Secretary.

indulge no presumptions in favor of valid issuance, service, or return of citation." *Spanton*, 612 S.W.3d at 316; *see also Harvestons Sec., Inc. v. Narnia Invs., Ltd.*, 218 S.W.3d 126, 132–33 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (op. on reh'g) ("The strict-compliance requirements in the default judgment context preclude courts from making even the most obvious and rational inferences."). "Strict compliance with the rules governing issuance, service, and return of citation is mandatory." *Goss*, 570 S.W.3d at 322. Moreover, the record must affirmatively show strict compliance, and the failure to do so deprives the trial court of personal jurisdiction over the defendant and constitutes error on the face of the record. *See id.*; *Paramount Credit*, 420 S.W.3d at 230.

We conclude that because the record does not contain a *Whitney* certificate demonstrating that the Secretary forwarded process to American Services by certified mail, return receipt requested, at its most recent address on file with the Secretary, the record does not affirmatively show strict compliance with the rules governing issuance, service, and return of citation. *See* 500 S.W.2d at 96–97. This constitutes error on the face of the record. We therefore hold that the trial court did not acquire personal jurisdiction over American Services, and it erroneously rendered a default judgment in favor of Identity Built. *See Goss*, 570 S.W.3d at 322; *MC Phase II Owner*, 477 S.W.3d at 493 (holding that when service is made under Business Organizations Code sections 5.251–.253, "a trial court does not have

22

personal jurisdiction over the foreign defendant unless a *Whitney* certificate is part of the record").

We sustain American Services' first issue.[4]

## Conclusion

We reverse the default judgment and remand the case to the trial court for further proceedings.


David Gunn
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.

---

[4] Because we conclude that there is error on the face of the record due to the absence of a *Whitney* certificate, we need not address American Services' remaining three issues, which challenge the breach of contract damages award, the foreclosure of Identity Built's lien, and the attorney's fees award.