

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00282-CV

LETICIA C. GARCIA                                                    APPELLANT

V.

PRESTON R. ENNIS                                                    APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
## TRIAL COURT NO. 2014-002225-1-A

----------

## OPINION

----------

### I. INTRODUCTION

Appellant Leticia C. Garcia filed a petition for bill of review to set aside a default judgment in favor of Appellee Preston R. Ennis and, later, a motion for summary judgment, in which she argued that as a matter of law, Ennis had failed to serve her in strict compliance with the rules governing service of process, rendering the default judgment void for want of personal jurisdiction. The trial court denied the motion and included finality language in its order. Garcia

appeals. Because the record fails to show strict compliance with the rules of civil procedure, we will reverse.

## II. BACKGROUND

Ennis sued Garcia after the two were involved in an automobile collision.[1] A private process server signed a return of service swearing that on May 30, 2014, he personally served Garcia with both the original petition and a citation. The return was filed with the court, unattached to the citation. *See* Tex. R. Civ. P. 107(a) ("The return may, but need not, be endorsed on or attached to the citation.").

In November 2015, after Garcia had failed to file an answer or to make an appearance, the trial court signed a default judgment in favor of Ennis, awarding him damages in the amount of $171,852.57. Although rule of civil procedure 99(a) required the court clerk to retain a copy of the citation in the court's file, *see* Tex. R. Civ. P. 99(a), when the trial court signed the default judgment, its file did not contain a copy of the citation.

In August 2016, Garcia filed her original petition for bill of review. She pleaded that the default judgment should be set aside and a new trial ordered because "there [was] no copy of the citation issued to Garcia in the Court's file, even though Rule 99(a) explicitly required same. Absent a copy of the very citation allegedly served on Garcia and giving the trial court personal jurisdiction

---

[1]Ennis also sued Jose Meza, the alleged owner of the vehicle that Garcia was driving at the time of the incident. Ennis later nonsuited his claims against Meza.

2

over her, the face of the record fails to affirmatively show strict compliance with the requirements of Rules 99 or 107." On October 3, 2016, just ten days before filing his answer, Ennis filed a copy of the citation that was served on Garcia back in May 2014 but that was missing from the court's file when it signed the default judgment.

Garcia later moved for summary judgment on the same ground that she pleaded in her petition—the default judgment was void because the court's file did not contain a copy of the citation that was issued to Garcia. Ennis responded that summary judgment was improper (1) because he had fully complied with amended rule of civil procedure 107, which permits a trial court to grant a default judgment so long as "proof of service as provided by this rule" has been on file for ten days and the return of service has been on file for the requisite period of time; (2) because the clerk's clerical error in not retaining a copy of the citation as required by rule 99(a) did not otherwise render the service improper; and (3) because the record as a whole, including the late-filed citation, showed that Garcia was properly served with citation. The trial court denied Garcia's motion and stated that its order was "a final judgment, disposing of all parties and all claims, and is appealable."[2]

---

[2]Garcia does not challenge the order's language making the judgment final.

### III. GARCIA ENTITLED TO SUMMARY JUDGMENT

Garcia identifies four issues, but they essentially restate the same ground four different ways:  The trial court erred by denying her motion for summary judgment because, there being no copy of the citation issued to her in the court's file when it granted the default judgment, the record fails to affirmatively show strict compliance with the rules of civil procedure—in particular, rule 99(a)—rendering the default judgment void.  In addition to (and as a direct result of) the complete absence of the citation contrary to rule 99(a), Garcia notes that the trial court had no way to confirm whether the citation complied with the citation form requirements contained in rule of civil procedure 99(b), which the omission of any one would render citation defective.[3]

---

[3]Rule 99(b) states,

> **Form.**  The citation shall (1) be styled "The State of Texas," (2) be signed by the clerk under seal of court, (3) contain name and location of the court, (4) show date of filing of the petition, (5) show date of issuance of citation, (6) show file number, (7) show names of parties, (8) be directed to the defendant, (9) show the name and address of attorney for plaintiff, otherwise the address of plaintiff, (10) contain the time within which these rules require the defendant to file a written answer with the clerk who issued citation, (11) contain address of the clerk, and (12) shall notify the defendant that in case of failure of defendant to file an answer, judgment by default may be rendered for the relief demanded in the petition.  The citation shall direct the defendant to file a written answer to the plaintiff's petition on or before 10:00 a.m. on the Monday next after the expiration of twenty days after the date of service thereof.  The requirement of subsections 10 and 12 of this section shall be in the form set forth in section c of this rule.

Tex. R. Civ. P. 99(b).

4

Ennis responds that the record shows strict compliance with the rules of civil procedure. Like he argued in his summary-judgment response, Ennis contends that rule of civil procedure 99 is irrelevant, that rule 107 "is the only Texas Civil Procedure Rule . . . that provides rules for this issue directly," and that the return, which was on file when the trial court granted the default judgment, met all of rule 107's requirements. Ennis stresses that it was the clerk's fault, not his, that the court's file did not contain a copy of the citation when the default judgment was granted, and he posits that the trial court could have relied upon the late-filed citation to confirm strict compliance with the rules in the original suit because "[r]ule 99(a) has absolutely no time limit or duration period regarding when or how long the citation needs to be on file."

## A. Standard of Review

We review a traditional summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848.

5

**B.      Bill of Review and Strict Compliance**

A bill of review is a direct attack on a judgment that is no longer appealable or subject to a motion for new trial. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004).  Filed in the same court that rendered the original judgment, a bill-of-review plaintiff must ordinarily plead and prove (1) a meritorious claim or defense to the judgment, (2) that the plaintiff was prevented from making by the fraud, accident, or wrongful act of her opponent, and (3) unmixed with any fault or negligence on the plaintiff's own part. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012).  But when the plaintiff claims a due process violation for no service, like Garcia does here, she is relieved of proving the first two elements, and the third element is conclusively established if the plaintiff can prove that service of process was invalid. *Id.*; *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998).

It is axiomatic that a trial court must have personal jurisdiction over a party to issue a binding judgment. *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996). In a direct attack on a default judgment, there are no presumptions in favor of valid service of process. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994).  Strict compliance with the rules governing issuance, service, and return of citation is mandatory. *Id.*  Failure to affirmatively show strict compliance with the rules of civil procedure renders the attempted service of process invalid and of no effect. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985); *see In re Z.J.W.*, 185 S.W.3d 905, 908 (Tex. App.—Tyler

6

2006, no pet.) ("We iterate that 'strict compliance' means literal compliance with the rules."); *Frazier v. Dikovitsky*, 144 S.W.3d 146, 149 (Tex. App.—Texarkana 2004, no pet.) ("Virtually any deviation from the statutory requisites for service of process will destroy a default judgment."). Stated otherwise, absent an appearance or waiver, the trial court does not have personal jurisdiction to enter the default judgment against the defendant unless the record affirmatively shows, "at the time the default judgment is entered," proper service of citation on the defendant. *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 376 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

## C.    No Citation, No Strict Compliance

In December 2011, the supreme court amended rule of civil procedure 107(h) to remove the requirement that the citation be on file for ten days before a default judgment is granted. Misc. Docket No. 11-9250, 75 Tex. B.J. 56, 57 (1990, amended 2012). Amended rule 107(h) states, "No default judgment shall be granted in any cause until proof of service as provided by this rule . . . shall have been on file with the clerk of the court ten days . . . ." Tex. R. Civ. P. 107(h). Seizing upon this change, Ennis asserts that "Rule 107 was specifically altered and changed in 2012 to leave off the requirement that a 'citation' be on file prior to the default judgment being rendered." Having otherwise complied with the requirements of rule 107, which he contends applies to the exclusion of all other rules because Garcia complains of only "improper service," Ennis reasons that he strictly complied with the rules governing service.

7

Garcia's premise—that the trial court may grant a default judgment without a copy of the citation on file, so long as the plaintiff otherwise complies with rule 107—misconstrues the 2011 amendment to rule 107(h).

When construing rules of civil procedure, we apply the same rules of construction that we use when interpreting statutes. *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007). When construing statutes, it is well established that we must consider the words in context, not in isolation. *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562–63 (Tex. 2014); *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). A court should not assign a meaning to a statutory provision that would be inconsistent with other provisions of the same act, even though it might be susceptible to such a construction standing alone. *See Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002).

In the very same order that it amended rule 107(h), the supreme court amended rule 107(a) to remove the requirement that the return be endorsed on or attached to the citation, now providing that "[t]he return *may, but need not*, be endorsed on or attached to the citation." Misc. Docket No. 11-9250, 75 Tex. B.J. 56, 57 (emphasis added). This change divorced the citation from the return of service, but the supreme court ensured that the citation would nevertheless make its way into the court's file by also amending rule 99(a) to require that "[t]he clerk *must* retain a copy of the citation in the court's file." *Id.* at 57 (emphasis added). Construed in context, instead of in isolation, the change to rule 107(h) doing away with the requirement that the citation be on file for ten days before the trial

8

court grants a default judgment was necessary to align rule 107(h) with the amendments to rules 107(a) and 99(a) altering the manner in which the citation becomes a part of the trial court's file. Contrary to Ennis's implication then, that the citation no longer need be on file *for ten days* before a default judgment is granted, does not mean that the citation need not be on file *at all* before a default judgment is granted.

This ties in to the next point. "Strict compliance" means compliance with all of the rules of civil procedure governing service of process, not just with one of them. *See Primate Constr.*, 884 S.W.2d at 152. Rule 99(a) is no less important to achieving strict compliance with the rules than is rule 107. Strict compliance with rule 99(a) cannot be shown when the court's file does not contain a copy of the citation.

A missing citation also raises other problems. Before granting a default judgment, and with no copy of the citation on file, the trial court could not have confirmed that the citation contained the information required by rule 99(b). *See* Tex. R. Civ. P. 99(b). Courts have concluded that strict compliance was not shown when the citation failed to include the information required by rule 99(b). *See, e.g.*, *Montgomery v. Hitchcock*, No. 03-14-00643-CV, 2016 WL 3068219, at *2 (Tex. App.—Austin May 25, 2016, no pet.) (mem. op.) (rule 99(b)(4)); *Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 290 (Tex. App.—Waco 2014, no pet.) (rules 99(b)(2) and (8)); *Mansell v. Ins. Co. of the West*, 203 S.W.3d 499, 501 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (rule 99(b)(4)). It follows that

9

if strict compliance cannot be shown when just one of the items required by rule 99(b) is missing, then the complete absence of the entire citation—and the inability to confirm that the citation contains any of the information required by rule 99(b)—surely renders service invalid as well.

Ennis argues that the burden shifted to the clerk to file the citation after he fulfilled his responsibility to serve Garcia, but the supreme court clarified years ago that the ultimate responsibility for ensuring that service is properly reflected in the record lies with the party requesting service. *See Primate Constr.*, 884 S.W.2d at 153; *see also Nelson v. Nelson*, No. 14-16-00602-CV, 2017 WL 2484378, at *3 (Tex. App.—Houston [14th Dist.] June 8, 2017, no pet.) (mem. op.) (rejecting argument that clerk was at fault for defective service). Confirming that service is properly reflected in the record includes confirming that the citation is on file when the trial court grants a default judgment.

We also disagree with Ennis that the trial court could have considered the late-filed citation in determining whether Ennis strictly complied with the rules of civil procedure. Houston's First Court of Appeals considered a similar issue in *Marrot Communications*. There, Marrot argued that the trial court had erred by denying its motion for new trial because the record contained no evidence that Town & Country had used reasonable diligence in attempting to serve Marrot's registered agent before substituting service on the Secretary of State. *Marrot Commc'ns*, 227 S.W.3d at 376 (citing *Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W.3d 31, 34 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (explaining that

plaintiff must establish, before resorting to substitute service on Secretary of State, that it used reasonable diligence in seeking service on registered agent of corporation)).  Town & Country countered that a post-judgment affidavit that it had filed in response to Marrot's motion for new trial demonstrated the required diligence, but Marrot responded that the affidavit could not be considered because it was not part of the record when the default judgment was entered.  *Id.* at 377.

The court of appeals agreed with Marrot.  *Id.* at 378–79.  It acknowledged that unlike in a restricted appeal, in which review is limited to error apparent on the face of the record, when a default judgment is attacked by a motion for new trial or by a bill of review, the parties may introduce evidence in the form of affidavits, depositions, testimony, and exhibits to address the *Craddock*[4] or bill-of-review elements, i.e, "to explain what happened."  *Id.* at 379 (quoting *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 574 (Tex. 2006)).  However, the critical issue in the appeal was not why Marrot did not appear but whether service upon Marrot was defective, a matter that could only be resolved by reviewing the record as it existed at the time the default judgment was entered.  *Id.* ("As noted above, unless the record affirmatively shows 'at the time the default judgment is entered' an appearance by the defendant, proper service of citation, or a written memorandum of waiver, a trial court does not have

---

[4]*See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 392, 133 S.W.2d 124, 126 (1939).

in personam jurisdiction to enter the default judgment."). The court thus concluded, "Because [the] affidavit was not part of the record until after the trial court signed the default judgment, we cannot consider [it] as proper evidence of reasonable diligence prior to seeking substituted service on the Secretary of State." *Id.* at 378.

The distinction drawn by the First Court makes perfect sense. There is a difference between submitting evidence for or against the bill-of-review elements to show why a bill of review should or should not be granted and submitting evidence to fill a gap that existed in the record when the trial court granted the default judgment in an effort to show that the trial court properly granted the default judgment. *See CSR Ltd.*, 925 S.W.2d at 594 ("A court must possess both subject matter jurisdiction over a case and personal jurisdiction over a party to issue a binding appeal."). Ennis's late-filed citation falls into the latter category, and the trial court could not have considered it in ruling on the motion for summary judgment. *See Marrot Commc'ns*, 227 S.W.3d at 378–79.

Finally, impliedly advocating for a type of harmless-error approach, Ennis emphasizes that Garcia has never affirmatively denied being served, but this is not dispositive to the inquiry. "Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

Compliance with one rule of civil procedure does not guarantee compliance with all of them, and in considering the record as it existed when it

12

granted the default judgment—as it must under these circumstances—the trial court could not have relied in part upon a citation that was not on file until after it granted the default judgment. Garcia met her summary-judgment burden to show that she was not served in strict compliance with the rules of civil procedure as a matter of law. We sustain what we construe to be her only issue.[5]

## IV. CONCLUSION

Having sustained Garcia's issue, we reverse the trial court court's order denying her motion for summary judgment, render judgment granting Garcia's petition for bill of review and setting aside the default judgment, and remand this cause to the trial court for further proceedings. *See Macs v. Lenahan*, No. 04-17-00033-CV, 2018 WL 280469, at *3 (Tex. App.—San Antonio Jan. 3, 2018, no pet.) (mem. op.) (ordering similarly).

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL:  MEIER, PITTMAN, and BIRDWELL, JJ.

DELIVERED:  June 28, 2018

---

[5]In the remainder of his brief, Ennis assumes that Garcia was properly served and proceeds to conduct both a *Craddock* and a full bill-of-review analysis, but having sustained Garcia's issue, we do not reach these arguments. *See* Tex. R. App. P. 47.1; *Craddock*, 133 S.W.2d at 126.