

# NUMBER 13-20-00342-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**EXCEL RESIDENTIAL SERVICES, INC.,**                                    **Appellant,**

**v.**

**EVIE JACKSON AS COURT APPOINTED**
**GUARDIAN OF JG, A MINOR,**                                    **Appellee.**

---

### On appeal from the 334th District Court
### of Harris County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva**
**Memorandum Opinion by Chief Justice Contreras**

In this restricted appeal, appellant Excel Residential Services, Inc. (Excel) appeals the default judgment rendered in favor of appellee Evie Jackson as court appointed guardian of JG, a minor. Excel contends that the trial court erred in granting default judgment because: (1) the clerk's record did not contain a copy of the citation as required

by Texas Rule of Civil Procedure 99; and (2) the return of service did not satisfy the requirements of Texas Rule of Civil Procedure 107. We reverse and remand.[1]

## I. BACKGROUND

In June 2019, Jackson filed her original petition on behalf of JG, a 10-year-old minor. Jackson's action claimed that JG fell from the balcony of a second-story apartment and sustained injuries when the balcony railing gave way. Jackson brought a negligence cause of action against several defendants including Excel, the property manager.

Excel did not respond to the petition, which was served by certified mail, return receipt requested. Thus, the trial court signed an "Interlocutory Default Judgment" on October 25, 2019, stating that Excel was in default and that Jackson was entitled to default judgment against Excel. Jackson then moved to sever her claims against Excel, and the severance order was signed December 6, 2019. According to the severance order, various documents that had been filed in the original cause number—including the postal return receipt indicating that Excel was served, but not including the original citation and return of service—were to be transferred into the record of the severed case. After the case was severed, the trial court signed a "Final Default Judgment" assessing $60,000 in damages against Excel on January 24, 2020. On July 20, 2020, Excel filed this restricted appeal.

On October 23, 2020, along with her appellee's brief, Jackson filed a "Motion to Supplement Record and for Leave to File Provisional Supplemental Clerk's Record" seeking to have the original citation and return of service included in the clerk's record

---

[1] This appeal was transferred from the Fourteenth Court of Appeals in Houston pursuant to a docket-equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001.

before this Court. The motion indicated that Jackson had already sent a letter to the trial court requesting preparation and filing of the supplemental record; accordingly, we denied the motion as moot. *See* TEX. R. APP. P. 34.5(c)(1) ("If a relevant item has been omitted from the clerk's record, the trial court, the appellate court, or any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item."), 34.5(c)(3) ("Any supplemental clerk's record will be part of the appellate record."); *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 725 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("Nothing in [Rule 34.5(c)] requires that parties seek permission from any court before directing the clerk to prepare the supplemental clerk's record and file it with the court of appeals. Nothing in the rule requires that the parties obtain a ruling from any court before the supplemental clerk's record will be included in the appellate record."). The supplemental clerk's record, including the original citation and return of service, was filed with the Clerk of this Court on December 1, 2020.

## II. RESTRICTED APPEAL

To prevail in a restricted appeal, an appellant must establish that: (1) notice of the restricted appeal was filed within six months after the judgment was signed; (2) appellant was a party to the underlying lawsuit; (3) the appellant did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). There is no dispute that Excel has met the first three elements. As to the fourth element, Excel argues that there are two errors apparent on the face of the record: (1) the trial court's file did not contain a copy of the citation, and

3

(2) the return of service is deficient.

"Strict compliance with the rules governing service of citation is mandatory if a default judgment is to withstand attack on appeal." *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009) (per curiam); *see* TEX. R. CIV. P. 124. Failure to affirmatively demonstrate strict compliance with the rules of civil procedure renders the attempted service of process invalid and of no effect. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Palomin v. Zarsky Lumber Co.*, 26 S.W.3d 690, 693 (Tex. App.—Corpus Christi–Edinburg 2000, pet. denied) ("[A] default judgment is improper against a defendant who has not been served in strict compliance with the law, accepted or waived service, or entered an appearance."). In a restricted appeal, there are no presumptions in favor of valid issuance, service, and return of citation. *Fid. & Guar. Ins. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573 (Tex. 2006) (per curiam).

## A.    Omission of Citation from Court's File

Excel first argues that to be compliant with Texas Rule of Civil Procedure 99, Jackson must have ensured that the citation showing valid service was in the trial court's file at the time of the final judgment. *See* TEX. R. CIV. P. 99(a) ("The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition. The clerk must retain a copy of the citation in the court's file."). Excel argues that judgment against it was improper because there was no citation in the court's file at the time it rendered judgment. *See Garcia v. Ennis*, 554 S.W.3d 209, 215 (Tex. App.—Fort Worth 2018, no pet.) ("Confirming that service is properly reflected in the record includes confirming that the citation is on file when the trial court grants a default judgment.").

In a restricted appeal, "the face of the record must reveal the claimed error."

4

*Roventini*, 111 S.W.3d at 721. "The face of the record in a restricted appeal consists of the papers on file with the court when it rendered judgment." *Id.* at 721–22, *see Gen. Elec. Co. v. Falcon Ridge Apartments Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991). In this case, the trial court first rendered default judgment against Excel on October 25, 2019, prior to the severance order. As shown by the clerk's affidavit in the supplemental clerk's record, as of that date, the trial court's file included the citation and return of service.

Excel cites two authorities indicating that the serving party bears the ultimate responsibility to ensure that the citation is included in the trial court's file. *See Garcia*, 554 S.W.3d at 215 ("[T]he supreme court clarified years ago that the ultimate responsibility for ensuring that service is properly reflected in the record lies with the party requesting service."); *see also Goss v. Sillmon*, 570 S.W.3d 319, 322 (Tex. App.—Houston [1st Dist.] 2018, no pet.) ("A failure on the part of the party requesting service to affirmatively show strict compliance renders the attempted service of process invalid and of no effect."). Here, Jackson satisfied that requirement because the citation was included in the court's file at the time the "Interlocutory Default Judgment" was rendered. The failure of the trial court clerk to transfer the citation to the file of the severed case does not render the citation or service invalid. We reject Excel's argument to the contrary.

## B.    Deficient Return of Service

Excel next argues that the return of service is deficient because it does not comport with Texas Rule of Civil Procedure 107. We agree.

Rule 107 states generally that default judgment may not be granted until a return of service has been on file with the trial court clerk for "ten days, exclusive of the day of filing and the day of judgment." TEX. R. CIV. P. 107(h). The return of service must include

the following information:

(1)    the cause number and case name;

(2)    the court in which the case is filed;

(3)    a description of what was served;

(4)    the date and time the process was received for service;

(5)    the person or entity served;

(6)    the address served;

(7)    the date of service or attempted service;

(8)    the manner of delivery of service or attempted service;

(9)    the name of the person who served or attempted to serve the process;

(10)   if the person named in (9) is a process server certified under order of the Supreme Court, his or her identification number and the expiration date of his or her certification; and

(11)   any other information required by rule or law.

TEX. R. CIV. P. 107(a). The officer or authorized person who serves or attempts to serve a citation must sign the return. TEX. R. CIV. P. 107(e).

As noted, at the time the trial court rendered default judgment against Excel, the court's file contained the postal return receipt, or "green card," showing that the citation had been delivered to Excel. The court's file also included the citation and return of service purportedly showing that Excel had been properly served. However, the return of service, as it appears in the supplemental record before this Court, does not comply with Rule 107. In particular, it does not contain: (1) the date of service or attempted service, (2) the name of the person who served or attempted to serve the process, or (3) the signature of the officer or authorized person who served or attempted to serve the citation. *See* TEX. R. CIV. P. 107(a)(7), (a)(9), (a)(11), (e); *Retail Techs., Inc. v. Palm City T.V., Inc.*, 791

6

S.W.2d 345, 347 (Tex. App.—Corpus Christi–Edinburg 1990, no writ) ("Failure of the officer to sign the return of citation renders the return fatally defective and will not support a default judgment on direct attack."); *see also David H. Arrington Oil & Gas, Inc. v. Coalson*, No. 2-07-268-CV, 2008 WL 706508, at *2 (Tex. App.—Fort Worth Mar. 13, 2008, no pet.) (mem. op.) ("The officer's return at the bottom of the citation must be filled out and completed; a postal return receipt card alone will not support a default judgment.").

For the foregoing reasons, the return of service did not strictly comply with the rules of civil procedure. Accordingly, default judgment was improper, and error is apparent on the face of the record.

### III.   CONCLUSION

We reverse the default judgment and remand for further proceedings.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
1st day of July, 2021.

7