

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00434-CV

———————————————

Daniel W. Gryder, Appellant

v.

Charles Cook and Flying Oaks Airport, LLC, Appellees

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-330434-21

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Appellees Charles Cook and Flying Oaks Airport, LLC sued Daniel W. Gryder for libel and slander, business disparagement, and intentional infliction of emotional distress. Gryder did not appear or file an answer, so the trial court rendered a no-answer default judgment against him. But before the trial court's hearing on damages, Gryder became aware of the default judgment and filed a motion for new trial and to set aside the default judgment. The trial court denied the motion and, following a hearing, assessed damages against Gryder in a final judgment.

In this appeal, Gryder asserts, among other things, that the suit's service was fatally defective, violating Rules 103, 106, and 107 of the Texas Rules of Civil Procedure. Because we agree that Appellees violated Rule 106(b), we will reverse and remand.

## I. Background

Gryder has a YouTube channel where he posts videos discussing aviation accidents and his view of how they might have been prevented. In three of these videos, he made statements about Cook and Flying Oaks. Gryder published the videos in August and September 2021. In late September, Cook's attorney sent Gryder a cease-and-desist letter at his home address in Georgia, demanding that Gryder (1) remove the videos; (2) refrain from publishing additional videos, comments, or public statements; and (3) issue a public apology admitting to the defamatory statements. The letter also indicated that Cook would sue if no resolution

was reached by October 25, 2021. Gryder's new-trial affidavit indicates that after he received the letter, he called the law firm and spoke with one of the attorneys representing Cook. They were not able to settle the complaint.

Cook and Flying Oaks filed the lawsuit on November 19, 2021. A process server attempted to serve Gryder at an address in Georgia—but not the same address where their attorney had mailed the cease-and-desist letter. This address was instead for an airplane hangar at Griffin-Spalding Airport.[1] The process server attempted service there three times but was not successful. In doing so, he learned that Gryder had not been seen at the hangar in a while and that "he stay[ed] gone more than he [was] in town."

Following these failed service attempts, Cook and Flying Oaks moved for substituted service. The motion identified an email address for Gryder and indicated that Gryder had posted that email address in a comment on his YouTube videos. The motion also included an Affidavit of Non-Service, sworn to and signed by the process server. The trial court granted the motion, allowing Gryder to be served by emailing a copy of the citation and Plaintiffs' First Amended Original Petition to the email address identified in the motion.

Thereafter, Jeannie Riley, an employee of the law firm representing Cook and Flying Oaks, emailed service of suit to Gryder on December 21, 2021. She included

---

[1]Attached to the substituted-service motion was a background-check report indicating that the hangar address was associated with a "Daniel W. Gryder."

an attachment labeled "Citation 1st Amend Pet; Motion and Order.pdf" and wrote in the subject line the case's style, the trial-court cause number, and the trial-court name and location. Appellees submitted a "read receipt" to the trial court to prove that Gryder received the email on December 22, 2021.[2]

Gryder did not file an answer or appear following the email service, and the trial court rendered a no-answer default judgment against him on March 3, 2022. On September 2, 2022, Gryder filed a motion for new trial and to set aside the judgment. Gryder's new-trial affidavit indicates that he became aware of the default judgment in August 2022. The trial court denied both motions at a hearing in June 2023.

After holding a damages hearing, the trial court signed a final judgment awarding various damages to Cook and Flying Oaks. The $1,040,025 award included nominal, actual, special, and exemplary damages. The trial court also awarded court costs, prejudgment interest of $41,667, and 5% postjudgment interest on the entire award.

Gryder raises three issues on appeal: (1) he was not properly served; (2) the trial court erred by denying his new-trial motion; and (3) there was insufficient evidence to support the damages award. We need address only Gryder's improper-service argument because it is dispositive. *See* Tex. R. App. P. 47.1.

---

[2]Gryder disputes that he received the email and indicates in his new-trial affidavit that he discovered the email in his "junk" folder only after the default judgment had been rendered.

## II. Service of Process

Gryder argues that the trial court lacked jurisdiction to render a no-answer default judgment against him because he had not been properly served. Specifically, Gryder argues that (1) the email service did not comply with Rule 103; (2) the motion for, and subsequent grant of, substituted service did not comply with Rule 106(b); and (3) the return of service filed with the trial court did not comply with Rule 107. *See* Tex. R. Civ. P. 103, 106(b), 107.

### A. Applicable Law

Personal jurisdiction in the trial court depends on proper service of process. *Garcia v. Ennis*, 554 S.W.3d 209, 214 (Tex. App.—Fort Worth 2018, no pet.). Whether a trial court has personal jurisdiction over a particular defendant is a legal question that we review de novo. *Wyatt v. Deal*, No. 02-18-00246-CV, 2019 WL 2432156, at *3 (Tex. App.—Fort Worth June 6, 2019, no pet.) (mem. op.). Unless the record shows an appearance by the defendant, proper service of citation on the defendant, or a written waiver of service at the time the default judgment is entered, the trial court does not have personal jurisdiction to render the default judgment against the defendant. *See* Tex. R. Civ. P. 124; *U.S. Bank Nat'l Ass'n v. Moss*, 644 S.W.3d 130, 137 (Tex. 2022).

A no-answer default judgment cannot stand when a defendant was not served in strict compliance with applicable requirements. *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020); *see also Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007). "We

5

indulge no presumptions in favor of valid issuance, service, or return of citation." *Spanton*, 612 S.W.3d at 316. Further, the "failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect." *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985).

If a defendant is absent from or not a resident of Texas, the defendant may still be served, in the same manner as a resident defendant, by any disinterested person who is not less than eighteen years of age. Tex. R. Civ. P. 108.

## B. Rule 106(b): Substituted Service

Because Gryder's arguments under Rules 103 and 107 relate to the grant of substituted service under Rule 106(b), we first consider if substituted service under Rule 106(b) was proper.

A trial court may authorize a substitute service method under Rule 106(b). Tex. R. Civ. P. 106(b). When the trial court does so, the only authority for the substituted service is the order itself. *Spanton*, 612 S.W.3d at 317–18.

Rule 106(b) requires the party seeking substituted service to file a motion supported by a sworn statement that strictly complies with the rule. Tex. R. Civ. P. 106(b); *WWLC Inv., L.P. v. Miraki*, 624 S.W.3d 796, 799 (Tex. 2021) ("For well over a century, this court has required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack.") (quoting *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151,

6

152 (Tex. 1994) (per curium)). The sworn statement must list "any location where the defendant can probably be found" and must state specifically the facts showing that the traditional methods of service have been attempted unsuccessfully at that location. Tex. R. Civ. P. 106(b); *see, e.g.*, *DeRouen v. Pridgen*, No. 13-22-00115-CV, 2023 WL 7399150, at *5 (Tex. App.—Corpus Christi–Edinburg Nov. 9, 2023, no pet.) (mem. op.); *In re V.R.W.*, No. 05-22-00631-CV, 2023 WL 3735234, at *3 (Tex. App.—Dallas May 31, 2023, no pet.) (mem. op.); *ECO Gen. Contractors LLC v. Goodale*, No. 02-18-00146-CV, 2019 WL 1179409, at *3 (Tex. App.—Fort Worth Mar. 14, 2019, no pet.) (mem. op.).

Here, the affidavit attached to the substitute-service motion does not contain any statement, or facts supporting an inference, that the location where service was attempted was a place "where the defendant [could] probably be found." *See* Tex. R. Civ. P. 106(b). Before the 2020 amendment to Rule 106, even an affidavit that included specific facts—such as the date and time of service attempts—was insufficient if it did not include a statement that the address visited was where the defendant could probably be found. *See, e.g.*, *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-CV-337-S-BN, 2018 WL 5722670, at *3–4 (N.D. Tex. June 29, 2018, order). Although Cook and Flying Oaks argue that the 2020 amendment to Rule 106 removed the requirement of such a specific statement, we need not resolve this precise question because the affidavit of non-service was devoid of *any*

7

information to support that Gryder could probably be found where the process server had attempted to serve him.

The affidavit of non-service here indicates the opposite of what Rule 106(b) requires. It shows that the attempted service location was a locked airplane hangar. People there told the process server that Gryder "stay[ed] gone more than he [was] in town" and that no one had "seen him in a while." And although people at the hangar told the process server that the plane parked outside the hangar was the one Gryder flew "most of the time," nothing indicates how often he flew or would visit. Thus even without an explicit statement that the attempted-service address was a place where Gryder could probably be found, the affidavit failed to provide evidence of probative value from which it could be inferred that the location was one where Gryder could probably have been found. *See In re F.H.*, No. 05-23-01038-CV, 2024 WL 4198024, at *4 (Tex. App.—Dallas Sept. 16, 2024, no. pet. h.) (mem. op.) (where neither of the affidavits of non-service included a statement that the addresses at which service had been attempted were places the defendant could "probably be found," and instead included information that the opposite was true, there was not strict compliance with service rules).

Because the motion for substituted service here does not strictly comply with Rule 106(b)'s requirements, we conclude that the trial court erred by granting substituted service. We sustain Gryder's first issue.

## III. Conclusion

Having sustained Gryder's first issue, which is dispositive of this appeal, we reverse the trial court's no-answer default judgment and remand this cause to the trial court for further proceedings consistent with this opinion. No new service of process is necessary. *See* Tex. R. Civ. P. 123.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  October 24, 2024